1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7

8                          FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    LONGS DRUG STORES CALIFORNIA,
     INC.,
10                                                     No. C 03-01746 JSW

            Plaintiff,
11
        v.
12                                                     **AMENDED ORDER RE**
                                                       **DAMAGES PORTION OF**
     FEDERAL INSURANCE CO.; DOES 1                     **PLAINTIFF'S MOTION FOR**
13   through 50,                                       **SUMMARY JUDGMENT**

14          Defendants.
     _____/
15

16          Now before the Court is the damages portion of the motion for summary judgment by

17   Plaintiff Longs Drug Stores California, Inc. ("Longs") and Plaintiff's request for sanctions.

18   After careful consideration of the parties' papers and the relevant legal authority, for the reasons

19   set forth herein, the Court GRANTS Long's damages portion of its summary judgment motion

20   and GRANTS Long's request for sanctions against Defendant Federal Insurance Company

21   ("Federal").

22                                      **BACKGROUND**

23          As the parties are familiar with the facts and procedural history of this case, there is no

24   need to recite them here, except where useful in reaching the disposition.  The Court previously

25   granted Long's motion for summary judgment and denied Federal's cross-motion for summary

26   judgment, holding that Federal owed Longs a duty to provide coverage under an insurance

27   policy for the underlying *Palacio* Action.  Pursuant to Federal's request, the Court continued

28   Long's motion only as to the amount of damages owed.  Based on the Court's previous rulings,

**United States District Court**

For the Northern District of California

**United States District Court**

For the Northern District of California

1  Federal does not dispute it owes damages to compensate Longs for the cost of defending the

2  underlying *Palacio* Action, but merely disputes that the amount Longs' seeks is reasonable and

3  justified.

4      Longs is also moving for sanctions against Federal based on Federal's alleged failure to

5  meet and confer regarding damages.

6                                  **ANALYSIS**

7      Longs contends it is entitled to attorneys' fees and costs incurred in defending against

8  the underlying *Palacio* Action, plus pre-judgment interest through August 5, 2005, totaling

9  $2,909,361.36.  This amount reflects reductions Longs made in response to Federal's opposition

10 to the damages portion of the pending motion for summary judgment.  (Reply Br. at 6.)

11     It is undisputed that the measure of Long's damages in this matter are the reasonable

12 expenses of defending the underlying *Palacio* Action, including the costs and attorneys' fees,

13 incurred after the defense was tendered to Federal, *see Arenson v. National Auto. & Cas. Ins.*

14 *Co.*, 48 Cal.2d 528, 537 (1957), as well as pre-judgment interest.  Longs bears the burden of

15 demonstrating the existence and amount of litigation expenses.  *Aerojet-General Corp. v.*

16 *Transport Indem. Co.*, 17 Cal.4th 38, 64 (1997).  However, once Longs does so, the litigation

17 expenses incurred are presumed to be reasonable and necessary defense costs, and Federal bears

18 the burden of demonstrating that such expenses were unreasonable or unnecessary.  *Id.*

19 **A.      Amount of Fees and Costs**

20     The Court concludes that Longs presented sufficient evidence to demonstrate it actually

21 incurred $1,938,626.52 in attorneys' fees and costs, excluding pre-judgment interest, after it

22 tendered the underlying *Palacio* Action to Federal.  (Declaration of Paul R. Johnson in support

23 of Reply Brief, ¶¶ 2, 3, Exs. 1, 2.)  This amount reflects a reduction of $300,000 for the self-

24 insured retention and does not include expenses relating to insurance coverage work, pursuit of

25 damages resulting from the alleged defamatory publications by counsel for the *Palacio*

26 plaintiffs, or for two entries for work on *Qarshi v. Longs Drugs Stores Corp.* that were

27 inadvertently included in the invoices for the *Palacio* Action.  (Johnson Decl., ¶¶ 2, 14, 15, Ex.

28

2

United States District Court

For the Northern District of California

1    2.)  The burden thus shifts to Federal to demonstrate that such expenses were unnecessary or

2    unreasonable.

3         Federal attacks the amount of damages Longs seeks on several grounds.[1]  First, Federal

4    argues that Longs is not entitled to recover costs for seeking a retraction for statements the

5    *Palacio* plaintiffs' attorney made in the press or for costs related to potential claims for

6    defamation or malicious prosecution against the plaintiffs' attorney.  (Opp. Br. at 6.)  Longs

7    concedes that costs related to the defamation action should not be included as damages, but

8    submits evidence demonstrating that expenses relating to seeking a retraction and pursuing a

9    malicious prosecution claim were reasonable and related to defending the *Palacio* Action or

10   mitigating damages from the underlying action.  (Reply Br. at 9-10, 20-22; Declaration of

11   Robert D. Essa in support of Reply Brief, ¶¶ 19-21.)  Federal has not met its burden to

12   demonstrate such expenses were unreasonable or unnecessary.

13        Second, Federal argues that Longs double billed for Mr. Essa's time on July 13, 200 and

14   May 2, 2001.  (Opp. Br. at 7.)  In response, Longs demonstrates that it did not actually double

15   bill, but instead, accidentally used the wrong date on two invoices.  (Reply Br. at 12-13; Essa

16   Decl., ¶¶ 12-18, Exs. 3-9.)  Accordingly, Federal has not met its burden to demonstrate such

17   expenses were unreasonable or unnecessary.

18        Third, Federal contends the rates charged were unreasonable.  In support of this

19   argument, Federal submits the declaration of its expert, Brand Cooper, who states that the initial

20   rates charged by Longs' attorneys, which ranged between $125 to $165 an hour were reasonable,

21   but that rates were then increased in an excessive manner.  (Opp. Br. at 7-8; Cooper Decl., Ex.

22   2.)  According to Federal, a 7% annual increase would have been reasonable.  (*Id*. at 8.)  As

23   support, Federal cites to a case in which a magistrate judge recommended that the court approve

24   the rates charged as reasonable.  *Etchell v. Royal Ins. Co.*, 165 F.R.D. 523, 546-47 (N.D. Cal.

25   1996).  Notably, Federal does not argue the amounts charged were unreasonable, but only that

26   

27        [1]  The Court does not address Federal's arguments concerning the $300,000 for the
     self-insured retention, expenses relating to insurance coverage work, or expense relating to

28   defense of the *Qarshi v. Longs Drugs Stores Corp.* matter because Longs concedes that it is
     not entitled to recover these expenses and has already deleted them from the damages it
     seeks.

the rates were increased too dramatically.  Federal did not submit any authority demonstrating that increasing rates too quickly, even if the overall rate charged was reasonable, would render the attorneys' fees excessive or unreasonable.  Therefore, Federal fails to meet its burden to demonstrate that the rates charged were unreasonable.

Fourth, Federal argues that it should not be responsible for Longs' pursuit of attorneys' fees and costs in the underlying *Palacio* Action, and cites *Hogan v. Midland Nat'l Ins. Co.*, 3 Cal. 3d 553, 564-66 (1970) for the proposition that such fees and costs are not an integral part of a reasonable defense by the insured.  (Opp. Br. at 9.)  However, *Hogan* does not stand for this proposition.  Therefore, Federal fails to demonstrate that efforts by the insured to recover fees and costs is unreasonable or unnecessary.  Alternatively, Federal contends it is entitled to an offset of $70,794.30, the amount of fees and costs awarded by the trial court in the *Palicio* Action.  Although Longs was awarded $70,794.30, it does not appear that Long has yet collected on this amount.  Within ten days from the date of this order, Longs shall inform Federal in writing of how much, if any, Longs has received of the $70,794.30.  Federal shall be entitled to deduct the amount Longs has actually received from the damages awarded pursuant to this order.  To the extent any portion of the $70,794.30 remains outstanding, Longs shall assign such portion to Federal.

Fifth, Federal attacks the descriptions in some of Longs' bills.  According to Federal, some descriptions on the invoices are too vague or inappropriately billed in block amounts, rather than describing how much time was spent on one particular task.  (Opp. Br. at 10-11.) However, Federal does not dispute that Longs actually incurred these expenses.  Nor does Federal provide any authority demonstrating that the manner in which an expense is described in an invoice may make an expense unreasonable, or that Longs has an obligation to attach a specific expense to every small task, rather than describing several tasks together.  Therefore, Federal has not met its burden to demonstrate any expenses were unreasonable or unnecessary based on how they were described in invoices.

Sixth, Federal argues that Longs should not be able to recover the costs of conducting a mock trial in preparation for defending the *Palacio* Action.  Federal's reliance on *Finkelstein v.*

4

*Bergna*, 804 F.Supp. 1235 (N.D. Cal. 1992) for this proposition is misplaced.  The court in *Finkelstein* merely upheld conducting one mock trial as reasonable, but then held that a second one on the issue of liability was not reasonable because at the time it was conducted, "the liability issue was all but decided."  *Id.* at 1239.  Federal's expert opines that spending $88,155.76 on the mock trial out of a total $432,597 spent on trial preparation was not reasonable.  (Cooper Decl., Ex. 2 at p.18.)  In light of the fact that the *Palacio* plaintiffs were seeking $24,615,000 in compensatory damages and $27,000,000 in punitive damages (Essa Decl., Ex. 1), Federal has not shown that spending less than $90,000 to prepare for trial by conducting a mock trial was unreasonable.

Seventh, Federal contends that Longs should not be able to recover attorneys' fees when incurred by an attorney who billed more than twelve hours in a day.  Federal proposes that the expenses for any time over twelve hours in one day should be deducted.  Mr. Cooper, Federal's expert opines that attorneys become less efficient after the twelfth hour.  While that may be true, Federal has not shown that it was unnecessary or unreasonable for attorneys to work long days during trial and trial preparation.  More importantly, Federal has failed to demonstrate that the work done by attorneys in these long days was unreasonable.  Accordingly, Federal fails to meet its burden to demonstrate that attorneys' fees incurred on long days were unreasonable.

Finally, Federal mentions in passing, without providing any authority or argument, that there are other categories of bills discussed by its expert which should be deducted from its defense obligation.  (Opp. Br. at 11.)  Despite Federal's failure to properly brief these matters, the Court has reviewed Mr. Cooper's declaration on these additional points, and does not find it sufficient to demonstrate such additional costs or attorneys' fees were unreasonable.  (Cooper Decl., at p.15-18, 22-30.)  Accordingly, the Court concludes that Federal owes Longs $1,938,626.52 in damages from the attorneys' fees and costs incurred in defending the *Palacio* action.

**B.    Prejudgment Interest**

It is undisputed that Longs is entitled to prejudgment interest on the attorneys' fees and costs incurred in the *Palacio* action, and that the interest accrues at a rate of ten percent per year.

5

1    However, the parties dispute whether such interest is limited to simple interest, or may be

2    compounded, and they dispute the date from when the interest started to accrue.

3         Under California law, the general rule is that "compounded interest is impermissible

4    unless specifically authorized by statute or by stipulation of the parties." *Salton Bay Marina,*

5    *Inc. v. Imperial Irrigation Dist.*, 172 Cal. App. 3d 914, 961 (1985); *see also State of California*

6    *v. Day*, 76 Cal. App. 2d 536, 554 (1946).  Here, Longs has not pointed to any statute or

7    stipulation specifically authorizing the interest to be compounded.  Longs' attempt to justify

8    compounded interest by analogizing Federal, as an insurer, to a fiduciary is unavailing.  Longs

9    correctly notes that California courts have found insurers to be akin to fiduciaries in certain

10   aspects.  *Love v. Fire Ins. Exch.*, 221 Cal. App. 3d 1136, 1147 (1990).  Longs points out that

11   compounded interest may be charged against fiduciary trustees where the trustee has

12   commingled his funds with those of the trust.  Compounded interest is allowed in order to attain

13   the actual or presumed profits for the trust beneficiary and to ensure that the trustee does not

14   obtain any profit or advantage other than his commission or compensation.  *Washington Int'l*

15   *Ins. Co. v. Super. Ct.*, 62 Cal. App. 4th 981, 991 n.5 (1998).  However, while fiduciaries are

16   prohibited from commingling trust funds or from profiting from using the funds received from

17   beneficiaries, "no such prohibition circumscribes an insurer's use of premiums.  Indeed, pooling

18   of funds from insureds to create loss reserves, and investing such pooled funds for profit in

19   order to enhance the insurer's financial strength, appear integral parts of the business of

20   insurance." *Love*, 221 Cal. App. 3d at 1149.  Given the different responsibilities and restrictions

21   governing fiduciaries versus insurers, it does not appear that commingling funds, even if it

22   happened, would be sufficient to justify charging an insurer with compounded prejudgment

23   interest.  *Arcon/Pacific Ltd. v. Coit*, 1997 WL 578673, *1 (N.D. Cal. Sept. 8, 1997) (noting

24   California courts have made an exception to rule prohibiting compounded prejudgment interest

25   in cases involving deliberate misappropriation of funds by trustees and refusing to award

26   compounded interest where the case did not involve a trustee or willful misappropriation).

27   Significantly, Longs has not cited to, and the Court has not found, any California cases in which

28

**United States District Court**

For the Northern District of California

United States District Court

For the Northern District of California

1   a court awarded an insured compounded prejudgment interest.   Accordingly, the Court is only

2   awarding simple interest.

3        Next, the parties dispute the date from which the interest accrues.  "The test for recovery

4   of prejudgment interest under [California Civil Code § 3287(a)] is whether defendant actually

5   know[s] the amount owed or from reasonably available information could the defendant have

6   computed that amount." *Cassinos v. Union Oil Co.*, 14 Cal. App. 4th 1770, 1789 (1993)

7   (quotations and emphasis omitted).  The Court concludes that the date on which Federal *could*

8   *have* computed the amount owed was on the date Longs was billed for the attorneys fees and

9   costs in the *Palacio* action.  *See Copart, Inc. v. Travelers Indem. Co.*, 1999 WL 977948, *3

10  (N.D. Cal. Oct. 22, 1999) (finding that damages were capable of being computed by defendant

11  on the date that the insured was billed); *see also Foxfire, Inc. v. New Hampshire Ins. Co.*, 1994

12  WL 361815, *5 (N.D. Cal. July 1, 1994) (same).

13       Accordingly, the Court concludes that Longs is entitled to $832,336.34 in prejudgment

14  interest as of the date of this order, August 29, 2005.

15  **C.    Sanctions**

16       Longs also moves for sanctions against Federal for its failure to meet and confer

17  regarding the damages portion of this motion for summary judgment.  In the order ruling on the

18  liability portion of Longs' motion, the Court ordered the parties to meet and confer in an effort

19  to agree upon or narrow their differences as to the fees incurred or any other damages to which

20  Longs' may be entitled.  Longs made several efforts to present its position with respect to the

21  amount of damages, both before and after Federal filed its opposition brief.  (Johnson Decl., ¶¶

22  2-3, 14-16, Exs. 1, 2.)  With the exception of the self-insured retention issue, the Court

23  concludes that Federal did not make a genuine effort to discuss its position with respect to the

24  amount of damages.  Therefore, it is appropriate to sanction Federal for its failure to comply

25  with the Court order to meet and confer.  Nevertheless, Longs has not demonstrated that

26  $32,000 should be awarded in sanctions.  Longs argues that it should recover the amount it

27  expended in responding formally to Federal's opposition brief, but Longs would have had to

28  expend resources preparing for and participating in an informal discussion of Federal's position

**United States District Court**

For the Northern District of California

1   regarding damages.  Accordingly, the Court grants Longs' request for sanctions but limits the

2   award to $1,500.

3         Pursuant to the Court's order dated August 8, 2006, the Court also sanctions Federal

4   based on its failure to raise its concerns regarding prejudgment interest earlier and for creating

5   additional delay on Plaintiff's motion.  The Court orders that Federal shall pay Longs an

6   additional $7,990 in sanctions.  (Declaration of Paul R. Johnson, ¶¶ 2,4.)

7   **CONCLUSION**

8         For the foregoing reasons, the Court HEREBY ORDERS that Federal owes Longs

9   $2,770,962.86 in damages, including prejudgment interest.  To the extent Longs has already

10  collected any portion of the attorneys' fees and costs awarded by the trial court in the underlying

11  *Palacio* Action, Federal is entitled to deduct such amount from the damages awarded pursuant

12  to this order.  To the extent any portion of the attorneys' fees and costs awarded by the trial

13  court in the underlying *Palacio* Action remains outstanding, Longs shall assign such portion to

14  Federal.  The Court FURTHER ORDERS that Longs' request for sanctions is GRANTED.

15  Federal shall pay $1,500 in sanctions for failing to comply with the order to meet and confer,

16  plus an additional $7,990 for Federal's delay in raising its concerns regarding prejudgment

17  interest.

18

19        **IT IS SO ORDERED.**

20

21  Dated: August 29, 2005

22  JEFFREY S. WHITE
    (by PHYLLIS J. HAMILTON)

23  UNITED STATES DISTRICT JUDGE

24

25

26

27

28